UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

════════════════════════════════════════════════════════════

NEW YORK STATE TEAMSTERS
COUNCIL HEALTH & HOSPITAL FUND,
By its Trustees, John Bulgaro, Ronald G.
Lucas, Daniel W. Schmidt, Michael S.
Scalzo, Sr., Fredrick J. Carter and
Tom J. Ventura,

       Plaintiff,

v.                                                          5:08-cv-00742-NPM-GHL

DANIEL WILLIAMS and
NICOLE FERREN,

       Defendants.

════════════════════════════════════════════════════════════

APPEARANCES                                        OF COUNSEL

PARAVATI, KARL, GREEN & DEBELLA          GERALD J. GREEN, ESQ.
Attorney for Plaintiffs
12 Steuben Park
Utica, New York      13501

MEGGESTO CROSSET & VALERINO, LLP          JAMES A. MEGGESTO, ESQ
Attorney for Defendant Daniel Williams
313 East Willow Street, Suite 201
Syracuse, New York   13203

OFFICE OF NIRA T. KERMISCH               NIRA T. KERMISCH, ESQ.
Attorney for Defendant Nicole Ferren
36 West Main Street, Suite 405
Rochester, New York 14614


NEAL P. McCURN, Senior U.S. District Court Judge

MEMORANDUM - DECISION AND ORDER

This is an action brought by plaintiff New York State Teamsters Council
Health & Hospital Fund ("Health Fund") by its trustees John Bulgaro, Ronald G.
Lucas, Daniel W. Schmidt, Michael S. Scalzo, Sr., Fredrick J. Carter and Tom J.
Ventura, (collectively, "plaintiff") against defendants Daniel Williams
("Williams") and Nicole Ferren ("Ferren"), pursuant to the Employment
Retirement Income Security Act of 1974, codified at 29 U.S.C. § 1001 et. seq.
("ERISA"), and the Labor Management Relations Act  ("LMRA"), codified at 29
U.S.C. § 141 et. seq.[1]  Plaintiff seeks $13,287.43, compensation for the amount it
states it erroneously paid in prescription and medical benefits which Ferren
allegedly submitted to the Health Fund after she was no longer eligible for benefits
under the plan.   Plaintiff also asserts state law claims of breach of contract, fraud,
and unjust enrichment.   Currently before the court is a motion to dismiss by
defendant Williams for lack of subject matter jurisdiction (Doc. No. 8). For the
reasons set forth below, Williams' motion will be granted.  Defendant Ferren has
filed a motion for summary judgment (Doc. No. 12).  Ferren's motion will be
denied as moot.

---

[1]      Plaintiff cites 29 U.S.C. § 185 of the LMRA as conferring subject matter
jurisdiction on this court.

**I.      Facts**

The following facts are taken from the complaint and are construed in favor

of the non-moving party for purposes of the motions before the court.  At all times

relevant to this action, Williams was an eligible participant in plaintiff's health

care plan.  In April 2002, Williams formally enrolled Ferren in the plan as his legal

spouse.  In December of 2005, Williams and Ferren were divorced.  The plaintiff

did not receive notice of the divorce until Williams telephoned the Health Fund

Office on June 29, 2006.  During the period of December 2005 to July 2006,

Ferren continued to use her Health Fund identification to secure medical and

prescription benefits under the plan for which she was no longer eligible.  The

plaintiff requested proof of the marriage dissolution in June 2006, which Williams

provided in July 2006.  At that time, plaintiff put its vendors on notice that Ferren

was ineligible for  plan coverage.

During the period of Ferren's ineligibility, the Health Fund paid medical

claims for Ferren in the amount of $3,061.20 and prescription claims in the

amount of $10,226.23.  The Health Fund notified Williams and Ferren of these

overpayments and requested reimbursement.  When attempts at voluntary

reimbursement failed, plaintiff initiated suit in federal court seeking

reimbursement for the monies improperly and erroneously paid on behalf of

Ferren.  Plaintiff asserts jurisdiction is conferred upon this court pursuant to 29

U.S.C. § 1132(a)(3) (ERISA § 502(a)(3)) and 29 U.S.C. § 185.

## II.      Discussion

A.      Standard of Review for Rule 12(b)(1) Motion to Dismiss

In a motion to dismiss for lack of subject matter jurisdiction pursuant to

Fed.R.Civ.P. 12(b)(1), "the plaintiff bears the burden of showing that the court has

jurisdiction over the defendant." Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240

(2d Cir.1999).

"A case is properly dismissed for lack of subject matter jurisdiction under

Rule 12(b)(1) when the district court lacks the statutory or constitutional power to

adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000). In

deciding a Rule 12(b)(1) motion, the Court may properly refer to evidence outside

the pleadings. Id. (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011

(2d Cir.1986)).  When deciding a motion to dismiss, the court must accept as true

the well pleaded allegations of the complaint. Albright v. Oliver, 510 U.S. 266,

268, 114 S.Ct. 807 (1994).  In addition, the allegations of the complaint should be

construed favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct

1683 (1973). See also Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635,

638 (2d Cir.2005) ("It is well established that, in passing on a motion to dismiss,

whether on the ground of lack of jurisdiction over the subject matter or for failure

to state a cause of action, the allegations of the complaint should be construed

favorably to the pleader"). A plaintiff asserting subject matter jurisdiction "has

the burden of proving by a preponderance of the evidence that it exists."

Makarova, 201 F.3d at 113.

     B.    Equitable relief pursuant to 29 U.S.C. § 1132(a)(3)

Plaintiff argues that this matter is governed by 29 U.S.C. § 1132 (a)(3),

which states in pertinent part that "[a] civil action may be brought (3) by a

participant, beneficiary, or fiduciary (A) to enjoin any act or practice which

violates any provision of this subchapter or the terms of the plan, or (B) to obtain

other appropriate **equitable relief** (i) to redress such violations or (ii) to enforce

any provisions of this subchapter or the terms of the plan.... (West 2009)

(emphasis added).

"In determining the propriety of a remedy, we must look to the real nature of

the relief sought, not its label." Gerosa v. Savasta & Company, Inc., 329 F.3d 317,

321(2d Cir. 2003) (internal citations omitted). "Section 1132(a)(3) permits money

awards only in very limited circumstances." Id.

In the case at bar, the parties submit case law from various jurisdictions, but

make little attempt to analyze law from our own circuit. Plaintiff cites extensively

from a Western District of Washington case that gives plaintiff the result it seeks

in the instant case.  However, in a case decided in this circuit, <u>Vacca v. Trinitas</u>

<u>Hospital</u>, 2006 WL 3314637 (E.D.N.Y. 2006), the district court held that ERISA

did not provide a remedy for plaintiffs who sought to recover an alleged

overpayment to the defendant hospital for medical benefits provided to a plan

beneficiary. Consequently, the court did not have subject matter jurisdiction, and

declined to exercise supplemental jurisdiction over state claims of unjust

enrichment and breach of contract. <u>Id.</u> at * 5.  In <u>Frommert v. Conkright</u>, 433 F.3d

254 (2d Cir. 2006), the court reiterated that "the Supreme Court ... has consistently

disfavored the expansion of the availability of equitable relief where remedies at

law are sufficient." <u>Id.</u> at 270.

> In <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534
> U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), the
> Court, in denying the availability of relief under §
> 502(a)(3), sounded a note of caution concerning suits
> purporting to seek equitable relief while also seeking
> monetary damages:
>
> 'Almost invariably ... suits seeking (whether by
> judgment, injunction, or declaration) to compel the
> defendant to pay a sum of money to the plaintiff are suits
> for 'money damages,' as that phrase has traditionally
> been applied, since they seek no more than compensation
> for loss resulting from the defendant's breach of legal
> duty.' <u>Bowen v. Massachusetts</u>, 487 U.S. 879, 918-919,
> 108 S.Ct. 2722 ... (1988) (SCALIA, J., dissenting). And

> 'money damages are, of course, the classic form of legal
> relief.' [ Mertens v. Hewitt Associates, 508 U.S. 248,
> 255, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) ].

Frommert, 433 F.3d at 270.

In Frommert, as in the case at bar, "the plaintiffs seek to expand the nature of their claim by couching it in equitable terms to allow relief under § 502(a)(3), [whereas] the gravamen of this action remains a claim for monetary compensation and that, above all else, dictates the relief available." Id.

In Phillips v. Saratoga Harness Racing, Inc., 240 F.3d 174 (2d Cir. 2001), the Second Circuit reversed a district judge who dismissed an ERISA action based on lack of subject matter jurisdiction. At issue in that case, which involved a fact pattern including an ex parte (and subsequently deemed invalid) Dominican divorce, a clandestine Vermont wedding, and a substitution of the beneficiary's new wife for his lawful wife on his health care plan, was whether the Dominican divorce was a qualifying event that would trigger the fiduciary's obligation to the lawful wife under the Consolidation Omnibus Budget Reconciliation Act of 1985 ("COBRA"). The court of appeals "conclude[d] that when an employee notifies his employer that a qualifying event has occurred, the employer's obligations under the notice provisions of COBRA are triggered. The district court has subject matter jurisdiction." Id. at 179. There are no issues involving COBRA in the case

at bar which might serve to confer subject matter jurisdiction, and the court finds

Phillips to be inapposite to the case before it.

Looking to other circuits for additional guidance, the court notes that in

Trustees of the AFTRA Health Fund v. Biondi, 303 F.3d 765 (7th Cir, 2002), the

circuit court affirmed the decision of the district court which dismissed the

trustees' declaratory action for restitution under ERISA.  The district court found

that Biondi "fraudulently concealed his divorce from the Fund ... with the intent

that the Fund would rely upon the omission, in other words, that it would continue

to believe that she was his wife and provide her with medical coverage."  In

Biondi,

> the district court, relying on Mertens v. Hewitt Assoc.,
> 508 U.S. 248, 113 S.Ct. 2063 ...(1993), dismissed the
> Trustees' declaratory action for restitution under ERISA,
> holding that: (1) 29 U.S.C. § 1132(a)(3)(B)(i) only
> provides plan administrators and fiduciaries with a
> remedy for equitable, not legal, relief against
> nonfiduciaries like Biondi; and (2) the Trustees could not
> obtain equitable relief against Biondi under §
> 1132(a)(3)(B)(i) because Biondi did not directly receive
> any of the payments that the Fund made on his ex-wife's
> behalf.

Id. at 771.

In its complaint, plaintiff also asserts jurisdiction of this court pursuant to

the LMRA, specifically 29 U.S.C. § 185, which states in  pertinent part

(a) Venue, amount, and citizenship

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

(b) Responsibility for acts of agent; entity for purposes of suit; enforcement of money judgments

Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

(c) Jurisdiction

For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members....

29 U.S.C. § 185 (West 2009).

   Although plaintiff does not argue for LMRA jurisdiction in its opposition to

the motion to dismiss, the court deems it nonetheless necessary to address the

issue.  "In Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66, 107 S.Ct.

1542, 95 L.Ed.2d 55 (1987), the Court determined that the similarity of the

language used in the [LMRA], and ERISA, combined with the "clear intention" of

Congress "to make § 502(a)(1)(B) suits brought by participants or beneficiaries

federal questions for the purposes of federal court jurisdiction in like manner as §

301 of the LMRA," established that ERISA § 502(a)(1)(B)'s pre-emptive force

mirrored the pre-emptive force of LMRA § 301. Aetna Health Inc. v. Davila, 542

U.S. 200, 209 124 S.Ct. 2488 (2004).  In Beneficial National Bank v. Anderson,

539 U.S. 1, 7, 123 S.Ct. 2058 (2003), the Court held that "[t]he necessary ground

of decision [i]s that the pre-emptive force of § 301 is so powerful as to displace

entirely any state cause of action for violation of contracts between an employer

and a labor organization." (internal quotations omitted).  "In the two categories of

cases where this Court has found complete pre-emption - certain causes of action

under the LMRA and ERISA - the federal statutes at issue provided the exclusive

cause of action for the claim asserted and also set forth procedures and remedies

governing that cause of action." Id. at 8.

In the case at bar, the court finds that jurisdiction does not lie under § 301 of

the LMRA.  Here, we have at issue a situation where a beneficiary did not give

timely notice of a divorce, health funds were disbursed in error, and

reimbursement was not made by the defendants when requested.  A careful

reading of the plain language of the statute does not persuade the court to find

preemption in this instance, as this court does not perceive this case to be a

violation of a contract between an employer and a labor organization.  Despite its

powerful preemptive force, this court does not find the facts of this case to be

governed or preempted by the LMRA.  No labor organization is being sued, nor is

any money judgment being sought against any labor organization.  In the instant

case, the plaintiff has failed to meet its burden of proving by a preponderance of

the evidence that subject matter exists under the LMRA, pursuant to Makarova,

201 F.3d at 113.

Accordingly, the court dismisses plaintiff's federal claim pursuant to 29

U.S.C. 1132 (a)(3) and/or 29 U.S.C. § 185 for lack of subject matter jurisdiction,

finding that this action is an attempt to collect a money judgment against the

defendants, for which plaintiff can seek relief in state court.  This court declines to

exercise supplemental jurisdiction over the plaintiff's state law claims, and the

state law claims are dismissed without prejudice.

## III.    Conclusion

For the reasons set forth <u>supra</u>, defendant Williams' motion to dismiss for lack of subject matter jurisdiction is hereby GRANTED.  Defendant Fenner's motion for summary judgment is hereby DENIED AS MOOT.  The Clerk is instructed to close this case.

SO ORDERED.

August 11, 2009

_____

Neal P. McCurn
Senior  U.S. District Judge